Citation Nr: 1619687 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 13-19 316 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an increased rating for Dupuytren's contracture, right hand, postoperative, currently rated as 60 percent disabling.

2. Entitlement to an increased rating for Dupuytren's contracture, left hand, postoperative, currently rated as 10 percent disabling prior to April 22, 2013, and since July 1, 2013.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

D. Cherry, Counsel


INTRODUCTION

The Veteran had active service from May 1972 to May 1975. 

This matter comes to the Board of Veterans' Appeals from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In a March 2015 rating decision, a temporary 100 percent disability rating for the Dupuytren's contracture, left hand, postoperative, pursuant to 38 C.F.R. § 4.30 (2015) was assigned from April 22, 2013, to June 30, 2013. Therefore, the issue as to the left-hand disability is as stated on the first page of this decision.

In April 2016, the Veteran indicated that he would not appear for a videoconference hearing scheduled later that month to be held before a Veterans Law Judge. He did not request to reschedule the hearing. Therefore, the Veteran has withdrawn his request for a Board hearing. 38 C.F.R. § 20.704 (2015).

The issue of entitlement to an increased rating for Dupuytren's contracture, left hand, postoperative, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The weight of the evidence shows that Dupuytren's contracture, right hand, postoperative, is not manifested by functioning so diminished that amputation with prosthesis would equally serve the Veteran.

2. The evidence does not present such an exceptional disability picture that the available schedular evaluations for Dupuytren's contracture, right hand, postoperative, are inadequate.


CONCLUSION OF LAW

The criteria for an evaluation in excess of 60 percent for Dupuytren's contracture, right hand, postoperative have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.3, 4.7, 4.71a, Diagnostic Code 5216 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of the 38 U.S.C.A. §§ 5103 and 5103A have been met. VA notified the Veteran in March 2012 of the information and evidence needed to substantiate and complete a claim.

VA has fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim, and as warranted by law, affording a VA examination. The RO obtained the service and VA treatment records as well as records from the Social Security Administration. The Board notes that the VA examinations provided sufficient clinical findings so as to allow the Board to evaluate the severity of the Dupuytren's contracture of the right hand. In the June 2015 statement, the Veteran asserted that his bilateral hand disabilities have worsened since surgeries in November 2013 and March 2014. The Veteran was afforded a VA examination in June 2014, which was after the two surgeries, so he was afforded an examination after the worsening of his bilateral hand disabilities. As described below, the Board is remanding the claim for an increased rating for the Dupuytren's contracture of the left hand for another examination because the June 2014 VA examination did not address where objective evidence shows painful motion of the left thumb beginning. While the June 2014 VA examiner also did not address where objective evidence shows painful motion of the right thumb beginning, as explained below, the question as to the right hand is whether the Dupuytren's contracture, right hand, postoperative, is manifested by functioning so diminished that amputation with prosthesis would equally serve the Veteran because he is currently receiving the maximum rating for ankylosis of the right hand, which is higher than ratings based on limitation of motion of the digits. Therefore, the Board finds that these examinations are adequate on which to base a decision as to the right hand disability.

Governing law and regulations

Disability evaluations are determined by the application of a schedule of ratings that is based on average impairment of earning capacity. 38 U.S.C.A. § 1155. Percentage evaluations are determined by comparing the manifestations of a particular disorder with the requirements contained in the VA's Schedule for Rating Disabilities, 38 C.F.R. Part 4 (2015). The percentage ratings contained in the Rating Schedule represent, as far as can practically be determined, the average impairment in earning capacity resulting from such disease or injury and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2015). VA has a duty to acknowledge and consider all regulations which are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusion. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

The medical evidence shows that the Veteran is right-handed. His right hand disability is currently rated under Diagnostic Code 5299-5216, using the major side ratings. 

Diagnostic Code 5216 provides that a 60 percent disability rating is warranted for unfavorable ankylosis of five digits of the major hand. An evaluation as amputation should also be considered. 38 C.F.R. § 4.71a, Diagnostic Code 5216. A 70 percent disability rating is warranted for amputation of all five digits of the major hand. A 70 percent evaluation is also warranted for the following amputations involving four digits of the major hand: thumb, index, long, and ring; thumb, index, long, and little; thumb, index, ring, and little; and thumb, long, ring, and little. 38 C.F.R. § 4.71a, Diagnostic Code 5216-30 (2015).

Pursuant to Hart v. Mansfield, 21 Vet. App. 505 (2007), the Board must consider the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim.

Analysis

In an October 1993 rating decision, the RO granted service connection for Dupuytren's contracture of the right hand effective October 5, 1992, and assigned a 60 percent disability rating. The Veteran filed his claim for an increased rating on November 18, 2011. The Veteran is receiving the maximum schedular rating for ankylosis of all five digits of a major hand without consideration of amputation.

The March 2012 VA examiner stated that there was ankylosis of the right little and ring fingers at the distal interphalangeal joints in full extension. The June 2014 VA examiner stated that there was no ankylosis of any digits in the right hand. In any event, the two examination reports do not reveal ankylosis in the middle finger, index finger, and thumb of the right hand. In fact, both examiners stated that there was limitation of motion or evidence of painful motion in the other digits of the right hand: the middle finger, the index finger, and the thumb. Most importantly, both examiners stated that there was no functional impairment of the right hand such that no effective function remains other than that which would be equally well served by an amputation with prosthesis.

The weight of the evidence shows that Dupuytren's contracture, right hand, postoperative, is not manifested by functioning so diminished that amputation with prosthesis would equally serve the Veteran. Therefore, a higher schedular rating based on amputation is not warranted.

The United States Court of Appeals for Veterans Claims (the Court) has held that evaluation of a service-connected disability involving a joint rated on limitation of motion requires adequate consideration of functional loss due to pain under 38 C.F.R. § 4.40 (2015) and functional loss due to weakness, fatigability, incoordination or pain on movement of a joint under 38 C.F.R. § 4.45 (2015). See, in general, DeLuca v. Brown, 8 Vet. App. 202 (1995). The currently assigned 60 percent is higher than the maximum ratings for limitation of motion of the five digits of the hand (absent ankylosis). DeLuca considerations are therefore inapplicable. See Johnston v. Brown, 10 Vet. App. 80, 85 (1997) (if a claimant is already receiving the maximum disability rating available based on symptomatology that includes limitation of motion, it is not necessary to consider whether 38 C.F.R. § 4.40 and 4.45 are applicable).

Extraschedular consideration 

The Board has also considered the potential application of other various provisions, including 38 C.F.R. § 3.321(b)(1), for exceptional cases where schedular evaluations are found to be inadequate. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Under Thun v. Peake, 22 Vet. App. 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must first determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate a veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether a veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a Veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, a veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluations for the Veteran's service-connected Dupuytren's contracture of the right hand are inadequate. A comparison between the level of severity and symptomatology of the Veteran's disability - ankylosis of both the right little and ring fingers and limited or painful motion of the right middle and index fingers and the right thumb - with the established criteria shows that the rating criteria more than reasonably describe the Veteran's disability level and symptomatology as the Veteran is being rated as if he has ankylosis of all five digits of the right hand. There is no evidence in the medical records of an exceptional or unusual clinical picture. The Board notes that the Veteran cannot fully open his fingers and his hand pathology precludes fine manipulations and that a total disability rating based on individual employability has been granted. While the Dupuytren's contracture of the right hand results in some employment impairment, a high rating is recognition that the impairment makes it difficult to obtain or keep employment. Van Hoose v. Brown, 4 Vet. App. 361 (1993). The Board, therefore, has determined that referral of this case for extra-schedular consideration pursuant to 38 C.F.R. § 3.321(b)(1) is not warranted.

For the reasons and bases set forth above, the Board concludes that the most probative evidence weighs against finding that a rating in excess of 60 percent for Dupuytren's contracture of the right hand is warranted. Therefore, the preponderance of the evidence is against the claim, and it is denied.


ORDER

Entitlement to an increased rating for Dupuytren's contracture, right hand, postoperative, currently rated as 60 percent disabling, is denied.












 (CONTINUED ON NEXT PAGE)
REMAND

The June 2014 VA examiner did not note where objective evidence shows painful motion in the left thumb beginning even though the examiner stated that there was limitation of motion or evidence of painful motion in the left thumb. Therefore, another VA examination regarding the left hand is necessary.

Accordingly, the case is REMANDED for the following action:

1. Associate all current and relevant VA treatment records with the claims file since they were last added to the record.

2. Thereafter, schedule the Veteran for an examination to determine the nature and extent of his Dupuytren's contracture, left hand, postoperative. The claims folder is to be made available to the examiner to review. The examiner is to provide a detailed review of the Veteran's pertinent medical history, current complaints, and the nature and extent of his Dupuytren's contracture, left hand, postoperative, to include whether there is evidence of painful motion in all digits to include the left thumb, and where objective evidence shows painful motion beginning.

3. After completing the above action, the AOJ should readjudicate the Veteran's claim, with consideration of referral for an extraschedular rating is warranted. If the claim remains denied, the Veteran should be issued a supplemental statement of the case, with a copy to his representative, and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs